**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DIANA JORDAN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| v. | § § § | Civil Action No. 2:17-cv-648 |
| | § § | |
| LONGHORN EMERGENCY MEDICAL ASSOCIATES, P.A. | § § | Jury Demanded |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, DIANA JORDAN, and on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members" respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against LONGHORN EMERGENCY MEDICAL ASSOCIATES, P.A. ("hereinafter "Longhorn Medical" or "Defendant") as follows:

**I.  SUMMARY**

1. Longhorn Emergency violates the Fair Labor Standards Act ("FLSA") by failing to pay proper overtime wages to its nurse practitioner employees who perform work for the company both before and after their assigned work shifts at Longview Regional Hospital. Longhorn Emergency provides nurse practitioner staff to Longview Regional Hospital's emergency room. The nurse practitioners who work in the Longview Regional emergency room are the backbone of the ER services Longview Regional provides to its patients. However, Longhorn Emergency's policy, pattern, or practice is to pay its emergency room nurse practitioner staff only for the time they are scheduled to work. On each and every shift, the nurse practitioners have uncompensated work time at the beginning and end of their scheduled shifts. The systematic failure to pay for

unrecorded and routine work activities adds up to thousands of dollars per year in unpaid wages and overtime wages for each of these employees.

2. Plaintiff Jordan was a nurse practitioner who was victimized by Longhorn Emergency's unlawful pattern or practice with respect to overtime pay. As permitted by the FLSA, Plaintiff brings this collective action to recover the unpaid wages owed to her as an individual and as representative for all other similarly situated employees (the "Class Members" or the "emergency room nurse practitioners"). 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

## III. THE PARTIES

5. Plaintiff Diana Jordan lives and/or worked for Defendant in this judicial district. Her written consent to this action is attached at Exhibit A.

6. The "Class Members" and "emergency room nurse practitioner staff" are the nurse practitioners who work in the Longview Regional's emergency room in Longview, Texas. These employees are similarly situated to Plaintiffs in that their relevant job duties (the "additional work") are similar to Plaintiff.

7. Defendant, Longhorn Emergency Medical Associates, P.A. is a Texas Professional Association licensed to do business in Texas and can be served by serving its Registered Agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV. COVERAGE

8. At all times hereinafter mentioned, Longhorn Emergency has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Longhorn Emergency has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Longhorn Emergency has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Longhorn Emergency has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1). Further, Longhorn Emergency has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL BACKGROUND

12. Longhorn Emergency employs emergency room nurse practitioners to provide care to Longview Regional's emergency room patients. These emergency room nurse practitioners are the backbone of the emergency room services provided at Longview Regional. Longhorn Emergency pays the Longview Regional emergency room nurse practitioners on an hourly basis. Longhorn Emergency pays overtime wages for hours worked over forty (40) in each workweek.

13. Longhorn Emergency nurse practitioner employees are expected to arrive at work early in order to be ready to go on the floor at the beginning of their assigned shift times. Each

day, prior to beginning their duties, the emergency room nurse practitioners are required to prepare for their day's work by, among other things, taking report from the prior shift's nurse practitioners. The emergency room nurse practitioners are required to perform this work in order to be prepared and able to service the patients at the moment the nurses go on the floor at the ER. The work performed prior to and after Plaintiff's time working on the floor was/is substantial and for the significant benefit of Defendants, necessary to the business of Defendants, and conducted in the normal course of Defendants' business.

14. The emergency room nurse practitioners are also required to do work after their day's duties as well. This includes the completion of paperwork related to their work activities. Like the compensable preparatory work activities, these post-shift concluding activities were/are substantial and for the significant benefit of Defendants, necessary to the business of Defendants, and conducted in the normal course of Defendants' business.

15. The additional time Plaintiff and the Class Members spend doing preparatory and concluding activities is significant and compensable because these duties are principal activities themselves or are an integral and indispensable part of the employees' principal activities. However, Longhorn Emergency does not pay for these additional work duties. Instead, Longhorn Emergency fails to record and pay for the time spent performing these compensable work duties. Because employees regularly work 40 hours (or more) per workweek, the unrecorded and unpaid time should be paid at time-and-a-half of each employee's regular rate of pay in accordance with the FLSA. Longhorn Emergency's failure to pay for this compensable work is a willful violation of the FLSA.

## VI. PLAINTIFFS' DETAILED FACTUAL ALLEGATIONS

16. Plaintiff was a full-time, nonexempt Longhorn Emergency nurse practitioner who

worked at Longview Regional within the three years prior to this complaint being filed.

17. Additionally, Plaintiff was required, as part of their job, to perform various tasks prior to beginning their shift and clocking in and after concluding their shift and clocking out. These activities are principal activities or are integral and indispensable to Plaintiff's principal activities. Plaintiff, and the other similarly situated Class Members, are not paid according to the time they actually perform work for Defendant, but rather are paid based on the time they are clocked in and on the floor. Defendant is aware of the time employees spend working before and after their assigned and recorded shift times.

18. While working as emergency room nurse practitioners, Plaintiff was paid an hourly rate but was not paid for the actual time they spent doing compensable pre-shift and post-shift duties, including overtime work. Plaintiff worked more than 40 hours a week performing work duties for Longhorn Emergency, thus requiring the uncompensated pre-shift and post-shift time to be paid at overtime rates. Plaintiff performed the same or similar additional work duties as those performed by other emergency room nurse practitioners working at Longhorn Emergency.

19. As a nonexempt employee, Plaintiff was entitled to be paid at their properly calculated regular rate for each hour worked and were entitled to be paid properly calculated overtime wages for all hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a) & 207(a). Accordingly, Longhorn Emergency's practice of failing to pay properly calculated overtime wages and failing to pay Plaintiffs for the pre- and post-shift work is a clear violation of the FLSA.

20. No exemption excused Longhorn Emergency from paying Plaintiff at her regular rate for all hours worked or at overtime rates for hours worked over 40 per workweek.

21. Longhorn Emergency was aware of the improper pay practices through

complaints from its employees but did not remedy the violation. As such, Longhorn Emergency knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation to Plaintiff and the Class Members.

## VII.  COLLECTIVE ACTION ALLEGATIONS

22. Other employees have been victimized by the above-described pattern, practice, and policy which is in willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner as Plaintiff with no overtime pay for hours worked in excess of 40 per workweek for the pre- and post-shift preparatory and concluding activities as identified above. Thus, from discussion with these employees and from being told that the improper time-keeping and pay practices are Longhorn Emergency's policy, other putative class members are aware that the illegal practices or policies have been imposed on the Class Members.

23. The putative Class Members also performed the same or similar duties before and after their shifts. Moreover, these nonexempt employees regularly worked more than 40 hours in a workweek.  Accordingly, the employees victimized by Longhorn Emergency's unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

24. Longhorn Emergency's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members.

25. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or calculation of pay, are entitled to properly calculated overtime compensation

for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

## VIII.  CAUSES OF ACTION

26. Plaintiffs incorporate all allegations contained in paragraphs 1 through 25.

27. During the relevant period, and by way of the facts set forth above, Defendant violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for work weeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendant acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## IX.  JURY DEMAND

28. Plaintiff, individually and on behalf of those similarly situated, requests a jury trial.

## X.  PRAYER

29. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorney's fees; and

d. For and Order awarding Plaintiff (and those who have joined in the suit) post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

__/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75701
903-596-7100
469-533-1618 Facsimile
bhommel@hommelfirm.com


ATTORNEY FOR PLAINTIFF